UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
COURT FILE NO.: CV - _____

| | |
|---|---|
| Barbara A. Youngman,<br><br>     Plaintiff,<br>vs.<br><br>Vision Financial Corp,<br><br>     Defendant.<br><br>Midland Credit Management,<br><br>     Defendant. | **COMPLAINT**<br><br>`12-cv-2729 EFM/GLR`<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d). Supplemental jurisdiction over Plaintiff's state law claim arises pursuant to 28 U.S.C. § 1367(a) because they form part of the same case or controversy as the federal claims.

2. This action arises out of Defendants' multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Barbara A. Youngman, (hereinafter "Plaintiff") is a natural person who resides in the City of Dodge City, County of Ford, State of Kansas, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant Midland Credit Management, Inc., (hereinafter "Defendant MCM") is a collection agency operating with an address of 3111 Camino Del Rio North Suite 1300, San Diego, CA 92108 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Service may be made upon Defendant MCM's resident agent, Corporation Service Company at 2900 SW Wanamaker Drive Suite 204, Topeka, KS 66614.

6. Defendant Vision Financial Corp. (hereinafter "Defendant Vision Financial") is a collection agency operating with an address of 4 West Red Oak Lane, Suite 302, White Plains, NY 10604 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). Service may be made upon Defendant Vision Financial's resident agent, Corporation Service Company at 2900 SW Wanamaker Drive Suite 204, Topeka, KS 66614.

## FACTUAL ALLEGATIONS

7. Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Tribute credit MasterCard ####-####-####-8185 in the approximate amount of $1438.49 , which was used to make Plaintiff's personal purchases of food, clothing, and shelter-related items.

8. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant Vision Financial for collection from Plaintiff.

*Settlement of Debt*

9. Paragraphs 1 through Paragraphs 8 are hereby incorporated by reference.

10. On June 18, 2008, Plaintiff received a letter from Defendant Vision Financial confirming settlement of her Tribute MasterCard for the sum of 491.00.  See Exhibit A.

11. A check was remitted on behalf of Plaintiff on July 3, 2008. See Exhibit B. The check cleared on July 14, 2008.

12. Sometime thereafter, the settled debt was consigned, placed or otherwise transferred to Defendant MCM for collection from Plaintiff.

### *Misrepresentation of Debt*

13. Paragraphs 1 through Paragraphs 12 are hereby incorporated by reference.

14. The letter to the Plaintiff from Defendant Vision Financial clearly states that once the payment cleared "Barbara A. Youngman will be released of any further financial liability concerning repayment of this account". See Exhibit A.

15. Defendant Vision Financial clearly had a duty to report the debt as being 'settled in full' in accordance with its letter. Yet the account was clearly misrepresented as an 'open account' to the subsequent assignee Defendant MCM. This was a direct violation of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692 e(2)(a) and 15 U.S.C. §§ 1692 e(f)(1).

### *Misrepresentation of Debt and Communication with the Debtor*

16. Paragraphs 1 through Paragraphs 15 are hereby incorporated by reference.

17. In May 2012, Plaintiff received a phone call from Defendant MCM seeking payment on the settled debt which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2). Defendant MCM was informed that Plaintiff was represented by counsel and that the debt had previously been settled. Plaintiff was told that Defendant MCM was aware of the representation, would not settle with Plaintiff's prior counsel and further, that the debt was not settled.

3

18. On May 11, 2012 Defendant MCM sent a letter to Plaintiff acknowledging her dispute and also evidencing knowledge that Plaintiff was represented by the Palmer Firm at the time. The third line of the address area reads "The Palmer", which bears no relationship to the Plaintiff's mailing address. The letter also alleges a balance due of $1,213.35. These were direct violations of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692 c(2), 15 U.S.C. §§ 1692 e(2)(a) and 15 U.S.C. §§ 1692 e(f)(1). See Exhibit C.

19. On May 14, 2012, Defendant MCM again sent a letter directly to Plaintiff, despite knowledge that Plaintiff was represented, demanding immediate payment of the sum of $1,215.16, which was a communication in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and also a direct violation of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692 b(6). See Exhibit D.

20. The conduct of Defendant MCM in directly communicating with Plaintiff after clearly being informed Plaintiff was represented by counsel, was a direct violation of the FDCPA, including but not limited to 15 U.S.C. §§ 1692 b(6).

*Breach of Contract*

21. Paragraphs 1 through Paragraphs 20 are hereby incorporated by reference.

22. Plaintiff and Defendant Vision Financial entered into a contract to settle the debt as evidenced by the letter dated June 13, 2008. Defendant Vision Financial agreed to release Plaintiff from "any further financial liability concerning repayment of this account" once payment cleared. See Exhibit A.

4

23. Payment was tendered on behalf of Plaintiff and the check cleared on July 14, 2009. Upon the payment clearing the financial institution, Plaintiff fulfilled all her obligations under the agreement.

24. Defendant Vision Financial then had a duty to consider and report the account as settled in full. Therefore, there should have been no 'open account' for transfer to a subsequent debt collector. Defendant Vision Financial clearly failed in that duty as the account was subsequently transferred to Defendant MCM as an 'open account' for collection.

25. Plaintiff has suffered emotional distress because of unnecessary, subsequent illegal collection activity, damage to her credit rating and extreme inconvenience in attempting to resolve an already settled account due to the breach by Defendant Vision Financial.

*Summary*

26. Paragraphs 1 through Paragraphs 25 are hereby incorporated by reference.

27. Plaintiff entered into an agreement with Defendant Vision Financial to settle her debt arising from her Tribute MasterCard and dutifully paid as agreed. However, Defendant Vision Financial misrepresented the account as still remaining open.

28. Defendant MCM was notified that the account was previously settled. Nonetheless, Defendant MCM continued to pursue collection on the previously settled account and misrepresented the debt to the Plaintiff as still outstanding.

29. Plaintiff notified Defendant MCM that Plaintiff was represented by counsel and Defendant MCM demonstrated knowledge of that fact in their own correspondence. Defendant continued communications even after such notifications.

30. Plaintiff's agreement with Defendant Vision Financial provided that after payment, the account was to be considered as "settled in full". Instead the account was passed for further collection due to Defendant Vision Financial's breach of contract.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendants constitute violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

34. As a result of Defendants' violations of the FDCPA, Plaintiff is therefore entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

## BREACH OF CONTRACT

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Plaintiff fulfilled all her duties as required under the settlement agreement with Defendant Vision Financial. The action of Defendant Vision Financial in failing to consider the account as "settled in full" was clearly a breach of the settlement agreement.

37. As a result of Defendant Vision Financial's breach of contract, Plaintiff prays for economic damages according to proof, punitive damages and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against Defendant:

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each Defendant and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

### BREACH OF CONTRACT

- for an award of economic damages according to proof;
- for an award of punitive damages;
- for an award of costs of litigation and reasonable attorney's fees.

Dated: November 14, 2012                               Respectfully submitted,

**AMY HUTCHENS**

By:  s/Amy Hutchens
Amy Hutchens, Esq.
Attorney I.D.#19948
5510 NE Antioch
Kansas City, Missouri 64119
Telephone:  (816) 645-4075
Facsimile: (866)354-8439
attorney@ahlaw.biz

**Attorney for Plaintiff**

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the location for the trial in this matter.

**AMY HUTCHENS**

By:  s/Amy Hutchens
Amy Hutchens, Esq.
Attorney I.D.#19948
5510 NE Antioch
Kansas City, Missouri 64119
Telephone:     (816) 379-6653
Facsimile:     (866) 354-8439
attorney@ahlaw.biz
Attorney for Plaintiff

8

PO Box 800
Purchase, NY 10577-0900

 A National Debt Collection Agency

(866) 470-4586

June 13, 2008

Re: Installment Account
Creditor: Tribute MasterCard
Pin Number:         )3483
Account #:          B823/
                    8185
Current Balance: $1,438.49

A

Barbara A Youngman,

This letter will confirm that Vision Financial Corp. has accepted $491.00 as full payment of debt arising from Tribute MasterCard via check over the phone. Once check is received, and clears the bank, the account will be considered settled in full. Barbara A Youngman will be released of any further financial liability concerning repayment of this account.

Sincerely,

Brandie Drzazga
Collection Manager

P.S. If you have already paid your account, please disregard, and thank you for your payment.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Date: 07/03/2009                                 Client: Barbara A. Youngman
                                                 Account Number:                  8823                B

QUESTIONS? Please call the Creditor Services Department at (909) 982-5333

The Palmer Firm, P.C.                                                                     64292
900 N. Zang Blvd.                                                         Date      07/03/2009
Dallas, TX 75208
Client: Barbara A. Youngman
Account Number:            8185/      8823
**Pay To The Order Of:** Vision Financial                                          **491.00

FOUR-HUNDRED-NINETY-ONE AND 00/100************************************************************

Colonial Bank
6021 PRESTON RD
FRISCO, TX 75034                            SIGNATURE NOT REQUIRED

                                            The maker has authorized this draft to Payee. Payee and
This check is tendered in accordance with the attached      Maker to hold you harmless for payment of this authorized
Settlement Agreement dated ___/___/___. If you cash this    draft. This draft shall be deposited only to credit of payee.
check you agree that the above account is settled for the   The absence of an endorsement is guaranteed.
agreed amount.

            ⑆64292⑆ ⑆062001319⑆          9169⑆

**mcm**
PO ... 03
Oaks, PA 19456

05-11-2012

| | |
|---|---|
| Contact Information: | Tel (800) 825-8131 |
| Hours of Operation: | M-Th 6am - 7pm; Fri-Sat 6am - 5pm PST |
| Original Creditor: | FIRST BANK OF DELAWARE |
| Original Account No.: | 8185 |
| MCM Account No.: | 18540 |
| Current Balance: | $1,213.35 |

#BWNHLTH
#0000 0853 2338 5402#
BARBARA A YOUNGMAN
407 EAST BEND ST
THE PALMER
DODGE CITY, KS 67801-7501

Dear BARBARA A YOUNGMAN,

The purpose of this letter is to request your assistance so that we may reach a quick resolution to your dispute.

As part of our investigation of your dispute, it would be helpful to have a copy of any documentation you may have that supports your dispute. In the interim, we have requested that the three major consumer credit reporting agencies change the status of this account to "Disputed."*

Examples of such documentation include the following:

1. **Paid in Full or Account Settled:** Proof of payment, for example: a) copy of front and back of payment instrument with copy of settlement offer or statement showing balance, b) copy of paid in full or settled in full letter, or c) other document showing balance has been fully satisfied.

2. **Fraud:** a) copy of police report, b) Federal Trade Commission fraud affidavit (which can be obtained at www.ftc.gov/idtheft), or c) notarized fraud affidavit.

3. **Balance Discrepancy:** a) copy of contract that states rates for timeframe of disputed service, (b) copy of bill that shows amount owed or rates, or (c) more detailed explanation of disputed charges.

4. **Death of Consumer Owing the Debt:** copy of the certified Death Certificate.

Please mail any documentation you may have to support your claim to:

Attention: Consumer Support Services.
P.O. Box 939069
San Diego, CA 92193

We can be reached at (800) 825-8131 ext. 32980 should you have any further questions.

Sincerely,

Consumer Support Services

*Your credit report will not be updated if the federal reporting period has expired.

Please understand this communication is from a debt collector. This is an attempt to collect a debt. Any information will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

Las llamadas desde y hasta esta compañia podrán ser monitoreadas o grabadas.

**MAIL PAYMENTS TO:** P.O. Box 60578, Los Angeles, CA 90060-0578

**MAIL CORRESPONDENCE BUT NO PAYMENTS TO:** MCM's business address at 8875 Aero Drive, Suite 200, San Diego, CA 92123



P.O. BOX 939069
SAN DIEGO, CA  92193-9019

05/14/2012

BARBARA A YOUNGMAN
E 407 BEND ST
THE PALMER
DODGE CITY, KS 67801

RE: FIRST BANK OF DELAWARE
MCM Account No.:        8540
Current Balance:        $1,215.16

Dear BARBARA A YOUNGMAN

Per your request, enclosed are documents for the above-referenced account.

Midland Credit Management Inc. is requesting an immediate payment of balance in full. Upon receipt of the payment and payment clearing the bank, we will report a "paid" status on your credit report for the above-referenced account.*

Please call us upon receipt of this letter at 800-825-8131 ext. 32980 so that we may discuss this matter further.

Please understand that this communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Sincerely,

Consumer Support Services

Enclosures

*Your credit report will not be updated if the federal reporting period has expired, or we have not previously reported on this account.

**PLEASE SEE NEXT PAGE FOR IMPORTANT DISCLOSURE INFORMATION**

QCMC